UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GULFSIDE, INC.,

    Plaintiff,

v.                                                  Case No.:  2:19-cv-851-FtM-38MRM

LEXINGTON INSURANCE
COMPANY,

    Defendant.
                                                        /

**OPINION AND ORDER**[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation (R&R), recommending the Court deny Gulfside, Inc's Motion to Compel Appraisal (Doc. 26) without prejudice. (Doc. 34). Gulfside filed Objections (Doc. 36), and Lexington Insurance Company responded (Doc. 37).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *see also Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). When a party makes specific objections to a magistrate judge's report, the district court engages in a de novo review of the issues raised. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This case stems from an insurance dispute. Gulfside is a condominium association, and Lexington insured the Gulfside property when Hurricane Irma hit.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Gulfside promptly notified Lexington that it sustained losses, Lexington inspected the property, and both parties retained experts to asses the damages. Lexington partially denied the claim but invited Gulfside to provide additional information. According to Gulfside, Lexington determined that losses to Gulfside's parking lot and pool area were covered but fell below Gulfside's deductible. The parties eventually agreed on Gulfside's roof damages but continued to jockey over the rest.

After exchanging documents and inspecting the property for almost two years—the parties disagree on the details—Gulfside sent Lexington a demand for appraisal and a proof of loss statement valuing the remaining damage at $12,868,178.37. Lexington responded that appraisal was premature, sought reexamination of the property, and requested supporting documents and an examination under oath of a Gulfside representative. Rather than comply with these requests, Gulfside sued Lexington in state court to enforce the appraisal provision and recover damages for breach of contract. Lexington removed the case to this Court, denied Gulfside's claim, and raised affirmative defenses. Gulfside moved to compel appraisal less than three months later.

Gulfside's Motion to Compal Appraisal advances two alternative arguments: the policy does not require compliance with post-loss obligations as a condition to appraisal, and Gulfside nonetheless satisfied its post-loss obligations before demanding appraisal. Judge McCoy found: (1) the policy required Gulfside to satisfy certain post-loss obligations listed in the policy before seeking appraisal; and (2) the question of whether Gulfside substantially complied with those post-loss obligations is premature and should be addressed in summary judgment or other pretrial motions. Gulfside objects. But

instead of challenging Judge McCoy's findings, Gulfside leapfrogs them and goes straight to the ultimate merits of its case.

Judge McCoy relied on a line of Florida cases beginning with *U.S. Fid. & Guar. Co. v. Romay*, 744 So. 2d 467 (Dist. Ct. App. Fla. 1999) to find that Gulfside must satisfy the policy's post-loss obligations before compelling appraisal.  Gulfside does not disagree with Judge McCoy's conclusion.  It acknowledges in its Objections that a "claim is ripe for appraisal where a dispute exists as to the amount of loss, and the insured substantially complied with the policy's post-loss conditions[.]"[2]  (Doc. 36 at 2).  Instead, Gulfside argues it substantially satisfied its post-loss obligations before demanding appraisal, and since the almost $13 million estimate is part of the original claim—not a supplemental claim—Lexington had no right to delay appraisal by requesting additional information.  Lexington counters that the estimate meets the statutory definition of "supplemental claim," but even if it does not, Gulfside breached its post-loss obligations by refusing Lexington's requests.

This brings us to Judge McCoy's next point:  Gulfside's argument that it substantially complied with post-loss obligations is premature and should be reserved for summary judgment or other pretrial motions.  Again, Gulfside does not challenge Judge McCoy's conclusion head on.  And the cases cited by Gulfside show that courts generally decide the substantial compliance issue on summary judgment or at trial.  *See Brickell Harbour Condo. Ass'n, Inc. v. Hamilton Specialty Ins. Co.*, 256 S. 3d 245 (Dist. Ct. App.

---

[2] In fact, the main thrust of Gulfside's Motion for Protective Order is that "the two issues to be determined by the Court are (1) whether a dispute exists between the parties as to the amount of the covered loss, and (2) *whether Gulfside substantially satisfied its post-loss obligations*." (Doc. 28 at 4 (emphasis added)).

3

Fla. 2018); *Scottsdale Ins. Co. v. Univ. at 107th Ave., Inc.*, 827 So. 2d 1016 (Dist. Ct. App. Fla. 2002); *Allstate Floridian Ins. Co. v. Farmer*, 104 So. 3d 1242 (Dist. Ct. App. Fla. 2012); *Oriole Gardens Condos., III v. Indep. Cas. And Sur. Co.*, No. 11-60294-CIV, 2012 WL 718803 (S.D. Fla. Mar. 6, 2012); *but see Palm Bay Yacht Club v. Lexington Ins. Co.*, No. 18-23888-CIV, 2019 WL 2255561 (S.D. Fla. Feb. 22, 2019).

After independently reviewing the file and considering Gulfside's objections, the Court agrees with the R&R. As Gulfside has now repeatedly acknowledged, it must substantially satisfy the policy's post-loss obligations before compelling appraisal. And the Court should not resolve this likely dispositive issue on an underdeveloped record. Gulfside may not sidestep discovery, summary judgment procedure, and Lexington's affirmative defenses by seeking dispositive relief under the guise of an interlocutory motion.

Accordingly, it is now

**ORDERED:**

United States Magistrate Judge Mac R. McCoy's Report and Recommendation (R&R) (Doc. 34) is **ACCEPTED and ADOPTED**. Gulfside, Inc's Objections (Doc. 36) are **OVERRULED**, and its Motion to Compel Appraisal (Doc. 26) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of August, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record