**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.: 4:19-CV-10211-JLK

TREASURE CAY CONDOMINIUM ASSOCIATION INC. A/K/A TREASURE CAY CONDO ASSOC. INC.,

    PLAINTIFF,

V.

FRONTLINE INSURANCE UNLIMITED COMPANY,

    DEFENDANT.                    /

### DEFENDANT'S NOTICE OF TAKING PLAINTIFF'S 30(b)(6) CORPORATE REPRESENTATIVE DEPOSITION DUCES TECUM

**PLEASE TAKE NOTICE** that in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, the undersigned attorneys for Defendant, FRONTLINE INSURANCE UNLIMITED COMPANY, will take testimony by deposition upon oral examination of Plaintiff, TREASURE CAY CONDOMINIUM ASSOCIATION INC., A/K/A TREASURE CAY CONDO ASSOC. INC.'s Corporate Representative with respect to all matters listed in Schedule "A" on

    NAME

    DATE/TIME

    PLACE

Before FERNANDEZ & ASSOCIATES COURT REPORTERS, a duly authorized court reporter, who is not counsel nor solicitor to either of the parties or interested in the cause or event, for the purpose of discovery, the use as evidence at trial hereof, or both.

The oral examination will continue from day to day, subject to adjournment, if any until completed.

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the undersigned no later than seven days prior to the proceeding to arrange for such

accommodations; if hearing impaired, telephone Court TDD Coordinator at 1-800-955-8771.

**PLEASE TAKE FURTHER NOTICE** that the deponent shall, pursuant to Rule 30(b)(2) produce the documents and other tangible things outlined in Schedule "B" hereto.

Respectfully submitted,

**BERK MERCHANT & SIMS, PLC**

Melissa M. Sims, Esq. / FBN: 85936
Steven J. Getmen, Esq. / FBN: 67198
Laura C. Tapia, Esq. / FBN: 968676
2 Alhambra Plaza, Suite 700
Coral Gables, FL 33134
Tel: 786-338-2900/Fax: 786-338-2888
Emails: msims@berklawfirm.com
ltapia@berklawfirm.com
dalvarez@berklawfirm.com
sgetman@berklawfirm.com
grodriguez@berklawfirm.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

As required by Local Rule 7026-1(C) I hereby certify that on May 28, 2020, the foregoing document is being served this day on all counsel of record or pro se parties identified on the List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Stephen A. Marino, Jr., Esq. / FBN: 79170
Allie C. Watson, Esq. / FBN: 1019019
VER PLOEG & MARINO, P.A.
100 SE Second Street, Suite 3300
Miami, FL 33131
Tel: (305) 577-3996/Fax: (305) 577-3558
Emails: smarion@vpm-legal.com
awatson@vpm-legal.com;
jpacheco@vpm-legal.com
*Counsel for Plaintiff*

Melissa M. Sims, Esq.

## SCHEDULE "A"

**The person(s) designated by Plaintiff to testify at deposition on the following issues:**

1. The nature and extent of the damages sustained by Plaintiff and caused by Hurricane Irma.

2. The cost of repairing and/or replacing the building components damaged by Hurricane Irma.

3. The cause of the loss and damages which are the subject of this insurance claim.

4. The details of the claim set forth in Plaintiff's Sworn Statements in Proof of Loss (e.g. the items included in the Sworn Statements in Proofs of Loss, the dates of loss, the cause(s) of loss, the cost to repair or replace the items).

5. The individual locations of all windows or sliding glass doors which were lost or damaged due to Hurricane Irma (e.g. the unit number where each lost or damaged window/sliding glass door was located, and the room within which each lost or damaged window/sliding glass door was located), along with any interior damages being claimed within those units in this case.

6. The factual basis for each and every component of the claim submitted to Defendant.

7. The installation history, maintenance history, and condition of all building components included in this insurance claim (e.g. windows, sliding glass doors, roof, stucco, siding, chillers, etc.) from the time of installation to the time of Hurricane Irma.

8. The maintenance and repair history of the building and building components included in this insurance claim (e.g. windows, sliding glass doors, roof, stucco, siding, chillers, etc.) from the time of installation to the time of Hurricane Irma.

9. Written and verbal communications with contractors, engineers or other persons or entities consulted or hired by Plaintiff regarding the areas and components of the building included in this insurance claim at any time, either before or after Hurricane Irma.

10. All statements, opinions, conclusions or recommendations made by any contractors, engineers or other persons or entities consulted or hired by Plaintiff regarding the areas and components of the building included in this insurance claim at any time.

11. Plaintiff's compliance with policy conditions, including Defendant's requests for inspection of the property, examination and copying of association books and records, examinations under oath.

12. The nature, substance and location of all condominium/association records relating to the areas and components of the building included in this insurance claim.

13. Plaintiff's record retention policy.

14. All prior or other insurance claims made by or on behalf of Plaintiff and any claims presented by individual unit owners at the Insured Location.

15. All communications with or from contractors, engineers or other persons or entities consulted or hired by Plaintiff regarding the areas and components of the building included in this insurance claim at any time.

16. The amount Plaintiff is claiming from Defendant in its claim and the factual basis for same.

17. Steps taken to mitigate the loss, and any documentation and costs associated with said mitigation.

18. The pre-loss condition of the Insured Location.

19. The status of any claim(s) submitted for flood related to Hurricane Irma including the scope and quantum of any such claim, the factual basis for each and every component of any such claim, all building components claimed as damaged within any such claim.

20. Frontline's alleged refusal or failure to comply with the Policy's terms and obligations as alleged in the Complaint.

21. Frontline's alleged refusal to comply with the Policy's appraisal provision as alleged in the Complaint.

22. Plaintiff's failure to appear at Examination Under Oath.

23. Plaintiff's contract with Keys Claims Consultants, LLC and the selection of Arthur Grandinetti as Plaintiff's appraiser.

## SCHEDULE "B"

1. All documents you reviewed in preparation for this deposition that you will rely on in providing your deposition testimony.

2. All documents you reviewed in refreshing your recollection in preparation for your deposition testimony.

3. All minutes and agendas of condominium association meetings, Board of Directors meetings, committee meetings, unit owner meetings, or special meetings from January 1, 2010 to the present.

4. All audiotapes, DVD recordings, electronic media or recordings in any other media of condominium association meetings, Board of Directors meetings, committee meetings, unit owner meetings, or special meetings from January 1, 2010 to the present.

5. All unit owner files for all units and all current or former owners at the Insured Location from January 1, 2010 to the present.

6. All complaint logs from January 1, 2010 to the present.

7. All incident reports, notice of entry forms, security reports or log books from January 1, 2010 to the present.

8. A copy of Plaintiff's articles of incorporation, or other documents creating any association, and any amendments to same.

9. All records and electronic media relating to maintenance or repair at the Insured Location, including, but not limited to, work orders, log books, complaints, correspondence, notices, invoices, estimates, proposals, bids, notes, memoranda, checks, and the like from January 1, 2010 to the present.

10. All quotes, bids, proposals or estimates, if written, and all written documentation in any form regarding any quotes, bids, proposals or estimates, if verbal, relied upon by Plaintiff in submitting this insurance claim or received by Plaintiff in conjunction with this insurance claim.

11. All correspondence with persons or entities requested to provide quotes, bids, proposals or estimates in conjunction with this insurance claim.

12. All documentation and electronic media (including hard-drives, floppy drives, etc. of computers) which support the scope of any estimate or preliminary estimate and any unit prices included in any estimate or preliminary estimate,

and/or which support any Sworn Statement in Proof of Loss submitted by Plaintiff with respect to this claim.

13. All records and electronic media relating or referring to the building components included in the insurance claim, including, but not limited to, correspondence, memoranda, reports, notices, contracts, proposals, estimates, invoices, and checks.

14. All expert or consultant reports, if written, and all written documentation in any form regarding any expert or consultant findings, conclusions or opinions, if verbal, relating to any aspect of this insurance claim.

15. All expert or consultant reports, if written, and all written documentation in any form regarding any expert or consultant findings, conclusions or opinions, if verbal, relating to the condition of any portion of the building or units.

16. Any and all documents, photographs, videotape, electronic media or other form of media, or other materials depicting or relating to any hurricane damage of any kind involving any building components included in this insurance claim.

17. Any and all photographs, videotape, electronic media or recordings in any other media depicting any damage to the building components or areas included in this insurance claim either before or after Hurricane Irma.

18. Any and all correspondence, notices, newsletters, announcements, posters and postings to or from unit owners/occupants of the Insured Property relating or referring to the hurricane damage or this insurance claim.

19. Any and all correspondence, notices, newsletters, announcements, posters and postings to or from unit owners/occupants relating or referring to the condition, maintenance, repair or replacement of any part of the building from January 1, 2010 to the present.

20. All electronic media containing any correspondence, notices, newsletters, announcements, posters and postings to or from unit owners/occupants relating or referring to the condition, maintenance, repair or replacement of any part of the building from January 1, 2010 to the present.

21. All records relating to water extraction or drying involving any areas of the building from January 1, 2010 to the present.

22. All documentation to and from any insurance company or insurance personnel regarding any prior or subsequent property damage claims of any

nature, including, but not limited to any claim for flood related to Hurricane Irma.

23. All budgets, financial statements, bank records and cancelled checks from January 1, 2010 to the present.

24. All records relating or referring to loans or special assessments.

25. All e-mail correspondence between any members of Plaintiff's Board of Directors at any time relating or referring to the condition, maintenance, repair or replacement of any components of the Insured Property's buildings and building components from January 1, 2010 to the present.

26. All correspondence between or received by any members of Plaintiff's Board of Directors relating or referring to any insurance claims including, but not limited to, the subject insurance claim.

27. The entire file of any and all experts and consultants relating to this insurance claim and any flood claim related to Hurricane Irma.

28. All correspondence and/or communications with all persons that inspected the Insured Property from January 1, 2010 to the present.

29. All correspondence with any flood insurance carrier, plate glass carrier, boiler and machinery carrier, or any other insurance carrier or insurance personnel relating or referring to any loss or damage or any claim for loss or damage to the Insured Property.

30. All records relating or referring to any claim or potential claim presented or to be presented to any flood insurance carrier, plate glass carrier, boiler and machinery carrier, or any other insurance carrier, and/or relating or referring to resolution of that claim at any time, including but not limited to the policy and any estimates.

31. All correspondence between Plaintiff and any of its unit owners and any homeowners' insurance carriers relating or referring to claims presented to any homeowner's carriers for loss or damage to the building or any of the units at the Insured Property.

32. All permits, application for permits, notice of commencement, plans and specifications, inspection reports, evidence of final inspection and other building department document obtained and/or furnished to the building department.

33. All management reports from January 1, 2010 to the present.