# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

GULFSIDE, INC.,

    Plaintiff,

v.                                Case No: 2:19-cv-851-SPC-MRM

LEXINGTON INSURANCE
COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court are two objections by Plaintiff Gulfside, Inc. to Magistrate Judge Mac R. McCoy's discovery orders.[2] (Doc. 55; Doc. 56). Defendant Lexington Insurance Company has responded. (Doc. 61; Doc. 62). The Court overrules the objections and affirms the Magistrate's orders.

## BACKGROUND

This case stems from an insurance dispute. Gulfside is a condominium association, and Lexington insured the Gulfside property when Hurricane

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Non-party Keys Claims Consultants, LLC joins in Gulfside's objection to the Magistrate's order. (Doc. 58).

Irma hit. While trying to assess how much of the loss should be covered, the parties disputed whether appraisal was appropriate.

Before litigation commenced, Gulfside demanded appraisal. In response, Lexington requested several documents. Believing the matter was ripe for appraisal, Gulfside sued Lexington and ignored the request for documents. After the case was removed to this Court, Gulfside moved to compel appraisal, which the Court denied. (Doc. 39). Lexington then again asked Gulfside for documents, requesting 32 categories of documents and an examination under oath of Gulfside with 21 areas of inquiry. Gulfside moved for Protective Order. (Doc. 28). After Lexington opposed, the Court denied the motion without prejudice to Gulfside's ability to refile. (Doc. 38). The Court instructed Gulfside to specifically object to individual requests and discuss the breach of contract claim. (Doc. 38 at 3-4).

Gulfside renewed its Motion for Protective Order. (Doc. 40). The Magistrate Judge granted in part and denied in part Gulfside's renewed Motion. (Doc. 51). Despite Judge McCoy's instructions to make specific objections, Gulfside failed to do so and instead sought a blanket protective order. Judge McCoy found many of Lexington's requests were facially overbroad, potentially burdensome, and not proportional to the needs of the

litigation.  He also limited the period of the requests to January 1, 2014, through December 31, 2020.[3]

Gulfside disagreed with Judge McCoy's ruling and filed a Rule 72 objection.  (Doc. 55).  Lexington opposes Gulfside's objections.  (Doc. 61).

Concurrently, Gulfside moves to quash subpoenas issued by Lexington to the following nonparties: (1) Keys Claims Consultants, LLC; (2) TRC Worldwide Engineering, Inc.; (3) Tile One, Inc.; (4) National Testing Services, Moisture Intrusion Solutions, Inc.; (5) Future Controls, Inc.; (6) Advanced Roofing & Sheet Metal, Inc.; (7) Crawford Landscaping, Inc.; (8) Katerra, Inc.; and (9) Gulfcoast Windows & Doors, LLC.  Judge McCoy found two of the subpoenas—those to National Testing, Moisture Intrusion Solutions, Inc. and Future Controls, Inc.—were irrelevant to the claims or defenses.  But he concluded the other seven related to the breach of contract claim and/or one of Lexington's asserted defenses.  (Doc. 53).

## STANDARD OF REVIEW

District courts designate magistrate judges to decide certain pretrial matters, like discovery.  28 U.S.C. § 636(b)(1)(A).  Federal Rule of Civil Procedure 72 governs issues referred to a magistrate judge.  When reviewing a magistrate judge's decision on a nondispositive topic, a district court "must

---

[3] Lexington Insurance originally wanted the requested documents from between January 1, 2010 to December 31, 2020.

consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

"Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citation omitted). And an order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013). "[A] magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery." *Malibu*, 923 F. Supp. 2d at 1347.

## DISCUSSION

Because these rulings were on nondispositive discovery motions, Judge McCoy is afforded broad discretion in issuing his orders. *See Butterworth v. Laboratory Corporation of America Holdings*, No. 3:08-cv-411-J-34JRK, 2011 WL 13137953, at *1 (M.D. Fla. Oct. 14, 2011).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). But "[a]

4

party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . ." Fed. R. Civ. P. 26(c)(1). "The rules . . . permit the broadest scope of discovery and leave it to the enlightened discretion of the district court to decide what restrictions may be necessary in a particular case." Wright, Miller, and Kane, Federal Practice, and Procedure § 2036 (3d ed).

The Court understands Gulfside wants to proceed directly to appraisal. Thus, it insists the documents sought by Lexington are irrelevant because they do not deal with the narrow issue of whether Gulfside substantially satisfied its post-loss obligations between the date of loss and the date of invocation of appraisal. But Gulfside moved to compel appraisal, and the Court denied the motion. Gulfside now finds itself in federal litigation. Discovery is broad, albeit limited to matters designed to disclose information reasonably calculated to lead to the discovery of admissible evidence. So long as Lexington shows the information it seeks relates to any claim or defense, Gulfside must comply with Lexington's discovery requests.

The two claims for relief before the Court are Gulfside's claims for breach of contract and a declaratory judgment compelling appraisal. Lexington has raised many affirmative defenses, including that Gulfside violated the policy conditions by failing to provide the documentation requested and failing to sit for an examination under oath. Any discovery bearing on those claims and

defenses is relevant. With that in mind, the Court cannot conclude Judge McCoy's order was clearly erroneous or contrary to law.

Gulfside claims it need not specifically object to Lexington's discovery request, as Judge McCoy preferred. That may be true. But the order never stated Lexington must make specific objections. *See* [Doc. 51 at 6-7](). Instead, it pointed out the failure to specifically object to support the conclusion Gulfside did not sufficiently detail its objections to the requested documents— as required to meet its burden. *See [Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011)]() ("The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." (cleaned up)).

Gulfside provides no reason to question Judge McCoy's findings as to each request for production. It instead renews its charge that the sole issue is whether to proceed to appraisal. But again, the Court decided that this action will proceed to a normal discovery process. Lexington also provides reasons for seeking each request for production. Absent any specific reason from Gulfside why each request for production is not relevant, the Court concludes the documents are discoverable.

Nor does the Court see how a single decision of a magistrate judge in a different district shows Judge McCoy's order conflicted with clearly established

law.  Even if the two conflict, orders from other districts have no precedential value.  And that decision related to the topics appropriate for a 30(b)(6) deposition, which was not at issue here.

At bottom, Judge McCoy meticulously examined each of Lexington's requests and provided rational reasons for his decision.  Magistrate judges are afforded broad discretion in ruling on discovery matters and discovery is intended to allow the parties broad access to any information believed to be relevant.  Lexington may discover information relevant to the claims and its affirmative defenses.

With that decided, the Court turns to Gulfside's objections to Judge McCoy's order denying the motion to quash.  Though Judge McCoy quashed two subpoenas, Gulfside wants the Court to preclude them all.  Gulfside insists the discovery Lexington seeks via the other seven subpoenas is irrelevant, but does not offer a specific rationale for its objections to each of the non-party subpoenas.  The Court agrees with Judge McCoy that Lexington seeks the discovery sought via the subpoenas for permissible reasons.  What's more, Gulfside renews its claim that the subpoenas seek information not proportional to the needs of the case.  But it fails to specify how the request is disproportionate, and the Court does not find that to be the case.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Objections to Magistrate Judge McCoy's Order Granting in Part and Denying in Part Plaintiff's Motion for Protective Order (Doc. 55) are **OVERRULED**.

2. Plaintiff's Objections to Magistrate Judge McCoy's Order Granting in Part and Denying in Part Plaintiff's Motion to Quash Non-Party Subpoenas (Doc. 56) are **OVERRULED**.

**DONE** and **ORDERED** in Fort Myers, Florida, on May 12, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record